## TAR ASPHALT TRUCKING CO., Inc., v. FIDELITY & CASUALTY CO. OF NEW YORK.

District Court, S. D. New York.
April 15, 1940.

Fitzpatrick & Bell, of New York City (Bernard H. Fitzpatrick, of New York City, of counsel), for plaintiff.

Glatzer & Glatzer, of New York City (Daniel Eisenberg, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

The plaintiff brings two motions. One, to vacate a notice of dismissal filed by the defendant of its first counterclaim contained in its amended answer and stipulation. Second, for summary judgment on the defendant's first counterclaim.

Plaintiff commenced its action in the State Supreme Court to recover the sum of $1,000 for wrongful attachments levied upon its accounts in a prior action. The defendant answered the complaint and interposed two counterclaims. The first for $9,036.12 and the second for $1,358.05. The plaintiff then removed the action to this court. After some attempt by the defendant to label its two counterclaims as defenses, it appears that by stipulation, its answer was to be deemed to contain a first and second counterclaim as originally pleaded in the state court. Thereupon the plaintiff moved for summary judgment on the defendant's first counterclaim. This mo-tion was adjourned several times. In the interim, the defendant filed a voluntary notice of dismissal of its first counterclaim.

The plaintiff urges that the defendant has no absolute right to voluntarily file a notice of dismissal. The defendant claims that such right is absolute. The answer is to be found in Rule 41(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c (following Rule 41(a)(1). It is short and I quote verbatim: "(c) Dismissal of Counterclaim, Cross-Claim, or Third-Party Claim. The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing."

Concededly, had the plaintiff filed a reply to the first counterclaim, the defendant could not voluntarily dismiss its own counterclaim without leave of the court. But, the plaintiff argues that although a technical reply was not filed by it, the pending motion for summary judgment precludes the defendant from voluntarily dismissing its counterclaim.

The issue is whether the submission of an affidavit on a motion for summary judgment is the equivalent of the "introduction of evidence at a trial or hearing".

The language of Rule 41(c) is unambiguous and if I were to accept the plaintiff's position, I feel that I would create an illogical situation. To my mind, a pending motion for summary judgment unargued or not submitted to the court for decision, subject to withdrawal by the moving party at any time prior to argument or submission to the court, clearly cannot be considered as "introducing evidence at a hearing".

Under the circumstances, the failure of the plaintiff to file a responsive pleading (reply) to the first counterclaim gives to the defendant an absolute right to voluntarily dismiss its counterclaim. I have considered the other grounds urged by the plaintiff in its endeavor to vacate the notice of dismissal and find them untenable.

The plaintiff's motion to vacate the defendant's notice of dismissal of its first counterclaim is accordingly denied. This ruling obviates my passing upon the plaintiff's motion for summary judgment.